[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On May 12, 2000, the plaintiff, Helga Ward, filed a twelve-count revised complaint against the defendants, James Teagle, the city of Meriden, Richard Graham, Robert Kosienski and Richard Kudla, alleging injuries and losses arising from an automobile accident in Meriden, Connecticut. Teagle was the owner and operator of the vehicle that allegedly collided with Ward's vehicle. Kosienski is the police chief of CT Page 13811 Meriden, Graham is the streets' superintendent and Kudla is a Meriden police officer. On June 7, 2000, the city, Kosienski, Graham and Kudla (collectively, the municipal defendants), filed a motion to strike counts five, six, seven, eight and ten of the revised complaint. During oral argument held on August 28, 2000, the plaintiff conceded that counts six, seven, eight and ten should be stricken. Therefore, count five is the only count remaining for adjudication with respect to the municipal defendants' motion to strike.
Count five alleges that on January 17, 1998, a vehicle owned and operated by codefendant Teagle, struck the plaintiff's vehicle, causing the plaintiff to suffer both personal injuries and losses. The accident allegedly occurred as a result of a defective traffic light controlling the intersection where the above-mentioned accident occurred. The plaintiff further alleges that the co-defendants, Kosienski, Graham and Kudla, jointly and/or severally, had the responsibility of maintaining, repairing or replacing traffic control signals within the city of Meriden, including the traffic control signal where the accident occurred. Allegedly, this traffic control signal had not been functioning for a long period of time prior to the accident. The plaintiff alleges that her injuries and losses were caused by the negligence of one or all of the defendants while acting within the scope of their employment.
The municipal defendants move to strike on the ground that count five is legally insufficient because the plaintiff's sole remedy against the city for injuries arising from a highway defect is under General Statutes § 13a-149.
The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). In ruling on a motion to strike, the trial court is "limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825, 676 A.2d 357
(1996). In doing so, the trial court must "construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 580,693 A.2d 293 (1997). Finally, "[i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged." (Citation omitted.) Pamela B. v. Ment,244 Conn. 296, 308, 709 A.2d 1089 (1998).
The municipal defendants contend that count five "purports" to allege a cause of action in negligence against Kosienski, Graham and Kudla, CT Page 13812 (Defendants' Memorandum, p. 1.) The defendants argue that count five should be stricken because in the case of Sanzone v. Board of PoliceCommissioners, 219 Conn. 179, 592 A.2d 912 (1991), the Supreme Court concluded that General Statutes § 52-557n prohibited the tort and indemnification claims of a plaintiff against a city and its police officers arising out of an accident caused by a defective traffic light. Thus, they argue, because "a plaintiff's sole remedy against a municipality for injuries resulting from an alleged highway defect is under § 13a-149 of the Connecticut General Statutes," count five is insufficient as a matter of law. (Defendants' Memorandum, p. 4.) The plaintiff counters that according to Sanzone v. Board of PoliceCommissioners, supra, 192-93, she has a common law right to seek damages from individual municipal employees. (Plaintiff's Memorandum, p. 4.)
In Sanzone v. Board of Police Commissioners, supra, 219 Conn. 181, the plaintiff brought an action against the city of Bridgeport and its employees for injuries sustained in an automobile accident allegedly caused by a defective traffic light. The Connecticut Supreme Court found that a malfunctioning traffic light constituted a highway defect as a matter of law. In construing General Statutes § 52-557n,[1] the Court held that "an action under the highway defect statute, §13a-149,[2] is a plaintiff's exclusive remedy against a municipality . . . for damages resulting from injury to any person or property by means of a defective road or bridge." (Internal quotation marks omitted.) Id., 192. Moreover, the court held that General Statutes § 52-557n
precluded "a joint action seeking such damages against a municipality and its officers pursuant to § 7-465(a)." Id. The court emphasized, however, that "[w]e do not . . . construe § 52-557n to bar a plaintiff from asserting causes of action in tort against those individuals whose actual conduct was a proximate cause of the injury. At common law, municipal officers were liable for their own torts, but the municipality, their municipal `master,' was not vicariously liable for those torts. . . . Section 7-465(a) effectively circumvented the general common law immunity of municipalities from vicarious liability for their employees' acts by permitting injured plaintiffs to seek indemnification from a municipal employer for such acts under certain circumstances and after conformance with certain statutory requirements, but it did not bar a plaintiff from seeking redress from those employees." (Citations omitted) Id., 192-93. The court concluded that "[a] plaintiff's failure to sustain his complaint against the municipality is no reason for turning the plaintiff out of court if he can sustain his complaint against the employee." (Internal quotation marks omitted.) Id., 193.
Following the Sanzone decision, judges of the Superior Court have recognized "the continued tort liability of municipal employees although Section 52-557n removes torts related to highway defects from the class CT Page 13813 of torts for which municipal employees may be indemnified under Section7-465(a)." Krebs v. Chilson Excavating, Superior Court, judicial district of Waterbury, Docket No. 099497 (March 13, 1992, Barnett, J.) (6 Conn.L.Rptr. 194, 197); see, e.g., Caltabiano v. Bridgeport, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 326891 (February 8, 1999, Skolnick, J.) (court denied defendant's motion for summary judgment on the basis that plaintiff, who was involved in an automobile accident due to an allegedly defective traffic light, may maintain a direct action against a municipal employee); Reisel v. Bridgeport GardenApartments, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 271294 (September 9, 1992, Melville, J.) (court denied defendant's motion to strike on the basis that the plaintiff, who was involved in an accident due to a defective highway, was not barred from asserting a negligence cause of action against a municipal employee whose conduct was proximate cause of plaintiff's injuries.)
Accordingly, the municipal defendants' motion to strike is denied.
Howard F. Zoarski Judge Trial Referee